THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff

v.

ANTHONY ULLOA, Defendant

Criminal No.· 79-00065A
District Court of Guam
October 26, 1979

- - - - -

- - - - -

DUENAS, Judge

## OPINION

This appeal concerns the revocation of appellant's release on bail by the Superior Court on October 24, 1975.[1]  A hearing was held on this matter on October 25, 1979, wherein the District Court ordered that the case be remanded for further hearing.  However, the Court then telephonically advised the parties that it wished to hear further arguments the next day on October 26, 1979, at 9:30 a.m.  This written opinion follows the second hearing.

A careful reading of the transcript discloses that there was no evidence before the Superior Court to support the revocation of the appellant's release on bail. This is not a case where the defendant "willfully violated the conditions of his release" (Section 40.65 of the Guam Criminal Procedure Code), or where "an indictment or information has been filed charging the person with the commission of an offense while released in the pending action" (Section 40.75 of the Guam Criminal Procedure Code).

Unfortunately, there was some confusion at the October 25, 1975 hearing because it was only halfway through the proceedings that the Court was made to realize that the appellant had not been formally charged with the commission of another offense, i.e. by indictment or information, as required by the Code. Although the Government tried to argue that the Complaint filed against the accused was sufficient for the Superior Court to have revoked his bail, Section 1.17 of the Guam Criminal Procedure Code clearly states that an information may not be filed until there has been a preliminary examination and an order holding defendant to answer under Section 45.80.

No indictment or information has been filed against the appellant, and there is nothing to show that any condition of release has been willfully violated by the defendant. While the Superior Court might have had the power to automatically revoke the defendant's release on bail if the above conditions had been satisfied, the record makes it clear that the Superior Court based its revocation on the mere fact that a complaint had been filed. No where in the Guam Criminal Procedure Code does the mere filing of a complaint empower the court to take such action, and the Superior Court must be charged with uniformly applying all section of the Guam Criminal Procedure Code.

Also, it seems that appellant's counsel was not given adequate notice and time to prepare for a hearing on the revocation of his client's bail. Certainly, minimum standards of due process require at least a few hours notice so that counsel may intelligently protect his client's rights. Here none of the conditions enumerated in Sections 40.65, 40.70 and 40.75 of the Guam Criminal Procedure Code were present; thus the better course would have been for the Government to prepare an Order to Show Cause with timely notice of hearing, so that a complete and effective record could be prepared. The case number of the subsequent complaint filed against the defendant was not even made part of the record during the Superior Court hearing.

The October 24, 1975 revocation of defendant's release on bail is reversed, and the defendant is ordered released on the same conditions as previously existed, with the additional condition that he stay at his parents' house and observe a curfew between the hours of 9:00 p.m. and 6:00 a.m.

SO ORDERED.

Dated this 26th day of October, 1979.
Footnote:
     1.   In a July 19, 1979 Opinion, the District Court determined that a three-judge panel is not required to hear appeals relating to bail hearings. <u>People</u> v. <u>Francisco</u> <u>S.</u> <u>Palacios</u> and <u>Valerie</u> <u>M.</u> <u>Palacios</u> (D.C. Criminal Case Nos. 79-0043A and 79-0044A).